*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

REGINALD QUINTON BELL,

Defendant-Appellant.

UNPUBLISHED
February 20, 2020

No.  346238
Wayne Circuit Court
LC No.  18-002861-01-FC

Before:  REDFORD, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

Defendant appeals as of right his jury convictions of armed robbery, MCL 750.529, unlawful imprisonment, MCL 750.349b, assault with a dangerous weapon (felonious assault), MCL 750.82, and three counts of possession of a firearm during the commission of a felony, second offense (felony-firearm), MCL 750.227b(b), arising from the armed robbery of a pharmacy by defendant and another man.  We affirm.

On appeal, defendant first argues that the evidence was insufficient to convict him of felony-firearm.  We disagree.  This Court reviews de novo a challenge to the sufficiency of the evidence.  *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010).

Due process, US Const, Am XIV, requires that evidence of every element of a crime be proved beyond a reasonable doubt to sustain a criminal conviction.  *People v Hampton*, 407 Mich 354, 366; 285 NW2d 284 (1979), citing *In re Winship*, 397 US 358, 364; 90 S Ct 1068; 25 L Ed 2d 368 (1970).  To determine if the prosecutor produced evidence sufficient to support a conviction, this Court considers "the evidence in the light most favorable to the prosecutor" to determine "whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt."  *People v Tennyson*, 487 Mich 730, 735; 790 NW2d 354 (2010), quoting *People v Hardiman*, 466 Mich 417, 421; 646 NW2d 158 (2002).  Direct and circumstantial evidence, as well as all reasonable inferences that may be drawn, are considered to determine whether the evidence was sufficient to sustain the defendant's conviction.  *Hardiman*, 466 Mich at 429.

"The elements of felony-firearm are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony."  *People v Bass*, 317 Mich App 241, 268-269;

893 NW2d 140 (2016), quoting *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). There was no evidence that defendant possessed a firearm during the robbery of the pharmacy, but defendant was convicted as an accomplice based on the gunman's possession of a firearm during the robbery.

Malek Saad testified that a gunman entered his pharmacy and handed him a paper like it was a prescription, and then pointed the gun at him and ordered him to raise his hands. A second man, wearing a mask over his lower face, entered the store and physically attempted to force Saad to the ground, and then helped lift Saad by his clothing to a place near the safe, which Saad was ordered to unlock. The second man then physically forced Saad back to the ground. The gunman stood over Saad while the second man took narcotics from the safe and shelves of the pharmacy. Defendant's identity as the person assisting the gunman was established by Saad, who recognized defendant and identified him in court. Further, a forensic scientist determined that defendant's fingerprint was on the paper that the gunman handed to Saad. Additionally, defendant reported that a vehicle, which matched the vehicle that Saad witnessed leaving the scene of the robbery, was stolen from him on the day of the robbery. And a cell phone expert concluded that defendant used his phone near his home on the morning of the robbery, then in an area near the robbery around the time of the robbery, and then again near his home again after the robbery.

Accomplices to crimes may be prosecuted as if they committed the crime under the theory that they aided and abetted the crimes. *People v Robinson*, 475 Mich 1, 5-6; 715 NW2d 44 (2006). To convict a defendant of aiding and abetting felony-firearm, the prosecutor had to prove that "a violation of the felony-firearm statute was committed by the defendant or some other person, that the defendant performed acts or gave encouragement that assisted in the commission of the felony-firearm violation, and that the defendant intended the commission of the felony-firearm violation or had knowledge that the principal intended its commission at the time that the defendant gave aid and encouragement." *People v Moore*, 470 Mich 56, 70-71; 679 NW2d 41 (2004).

Defendant argues that there was no evidence that he "specifically encouraged the gunman to possess a gun during the commission of the felonies," particularly because there was no evidence that he said anything, and he did not provoke, incite, or encourage the gunman to use a gun. A defendant's "mere presence" is not sufficient to establish that the defendant aided and abetted a crime, even where the defendant was aware that the crime was being committed. *People v Norris*, 236 Mich App 411, 419-420; 600 NW2d 658 (1999). However, an accomplice's "state of mind may be inferred from all the facts and circumstances." *People v Carines*, 460 Mich 750, 758; 597 NW2d 130 (1999). "[B]ecause it can be difficult to prove a defendant's state of mind on issues such as knowledge and intent, minimal circumstantial evidence will suffice to establish the defendant's state of mind, which can be inferred from all the evidence presented." *People v Kanaan*, 278 Mich App 594, 622; 751 NW2d 57 (2008).

In this case, the evidence establishes beyond a reasonable doubt that defendant "performed acts or gave encouragement that assisted in the commission of the felony-firearm violation[.]" *Moore*, 470 Mich at 70. In *Moore*, the Court stated that one of the ways that a defendant "encouraged and assisted the principal's possession of the firearm [was] by specifically relying on that possession to intimidate his own robbery victim[.]" *Id*. at 71. Here, defendant's fingerprint was on the paper that the gunman used to distract Saad while he brandished his firearm. Defendant assisted in physically forcing Saad to the ground where the gunman could stand over him to keep

Saad contained. Defendant physically assisted the gunman to move Saad to the location of the safe which Saad was forced to open in the presence of the gun. Defendant relied on the gunman's detainment of Saad with the weapon in order to have the opportunity to steal narcotics from the safe and shelves. Thus, the evidence established that defendant performed acts that assisted his partner in the possession of a firearm during the commission of armed robbery, unlawful imprisonment, and felonious assault.

Next, defendant argues that Saad should not have been allowed to identify him in court, claiming that an unduly suggestive procedure was used, that his cellphone records should have been excluded, and that his trial counsel provided ineffective assistance for failing to object to his identification and the admission of testimony based on his cellphone records. Defendant did not preserve these issues for appeal. Unpreserved claims are reviewed for plain error affecting substantial rights. *Carines*, 460 Mich at 763. Reversal is warranted only if the plain error resulted in the conviction of an innocent defendant or if "the error seriously affected the fairness, integrity, or public reputation of judicial proceedings independent of the defendant's innocence." *Id.* Unpreserved claims of ineffective assistance of counsel are reviewed for errors apparent on the record. *People v Unger*, 278 Mich App 210, 253; 749 NW2d 272 (2008).

Identity of the defendant is an element of every offense. *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). A defendant's due-process rights are violated by the use of an "unduly suggestive" identification procedure. *People v Kurylczyk*, 443 Mich 289, 302; 505 NW2d 528 (1993). A procedure used in lineup or photographic identification is unduly suggestive in violation of due-process guarantees where it produces "a substantial likelihood of misidentification." *People v McDade*, 301 Mich App 343, 357; 836 NW2d 266 (2013).

In this case, Detective Shaun Pawlus spoke with Saad while delivering a subpoena for the preliminary examination, after defendant's arrest, and disclosed defendant's identity in response to Saad's question. Saad explained that he was curious about whether defendant had been a pharmacy customer, and found in his computer system that defendant had filled prescriptions in December 2017 and January 2018, including shortly before the robbery. Saad testified that the man who came in after the gunman was a taller, African-American male who was wearing a mask. Saad identified this individual in court, by name, as defendant. Saad noted that he could see defendant's upper facial features during the robbery. He said that he recalled defendant's appearance from his memory of the robbery, and not as a customer, because of the traumatic situation and his upper face features. Saad confirmed that he had seen defendant's face when he walked in, when he came around the corner of the counter, and when he was taking medicine off of the shelf.

Defendant argues that Detective Pawlus' disclosure of his name to Saad was an unduly suggestive identification procedure. However, the police did not ask Saad to identify defendant in any type of lineup. Rather, Saad identified defendant at trial based on his interactions with him during the robbery. There was no evidence that defendant based his identification in court on any other information. We note that it would be difficult to prevent testifying witnesses in criminal cases from learning the name of the defendant. However, knowing a defendant's name would not provide a basis to identify the person at the defendant's table as the perpetrator of a crime. Where a witness does not identify a defendant in a lineup, the witness's in-court identification is "a credibility issue that [is] properly before the jury to determine." *People v Barclay*, 208 Mich App

-3-

670, 675-676; 528 NW2d 842 (1995). Since there was not an unduly suggestive identification procedure such that there was a substantial likelihood of misidentification, it did not implicate due-process concerns. See *McDade*, 301 Mich App at 357. Similarly, since there was no basis on which to exclude Saad's in-court identification of defendant, and "[f]ailing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel," *Ericksen*, 288 Mich App at 201, defendant has not established this claim.

Finally, defendant argues that evidence relating to his cellphone records should have been excluded because it was obtained without a search warrant. The Fourth Amendment of the United States Constitution prohibits unreasonable searches and seizures and provides that no warrants shall issue without probable cause. US Const, Am IV. The Michigan constitutional provision is substantially the same. Const 1963, art 1, § 11. The exclusionary rule, with several exceptions, bars the introduction into evidence of materials seized and observations made during an unconstitutional search. *People v Hawkins*, 468 Mich 488, 498-499; 668 NW2d 602 (2003). Evidence obtained subsequent to, but as the result of, an unlawful search is to be excluded from evidence as "fruit of the poisonous tree." *People v Reese*, 281 Mich App 290, 295; 761 NW2d 405 (2008), quoting *Wong Sun v United States*, 371 US 471, 487-488; 83 S Ct 407; 9 L Ed 2d 441 (1963).

Here, Detective Pawlus testified that he obtained a search warrant for an extraction of the phone contents, and then asked for the help of the Federal Bureau of Investigation to analyze the call log. It was then determined that on the day of the robbery defendant made calls from the area of the robbery, at the time of the robbery. While an individual has a "legitimate expectation of privacy in the record of his physical movements" recorded in cellphone location data records, *Carpenter v United States*, ___ US ___, ___; 138 S Ct 2206, 2217; 201 L Ed 2d 507 (2018), and generally the government must obtain a search warrant in order to examine the contents of an individual's phone, *Riley v California*, 573 US 373, 401; 134 S Ct 2473; 189 L Ed 2d 430 (2014), there was evidence presented that a search warrant had been obtained in order to examine defendant's cellphone records. Thus, defendant's claim is without merit. Similarly, defendant's trial counsel was not ineffective for failing to attempt to exclude the admission of testimony based on the phone records because counsel was not required to raise a meritless argument. See *Ericksen*, 288 Mich App at 201.

Affirmed.

/s/ James Robert Redford
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto

-4-